SHEA-LUTZ REALTY Co., INC., Plaintiff, *v.* HOWARD E. SPERRY and Others, Defendants.

Supreme Court, Monroe County, June 20, 1928.

Pleadings — answer — action against separate defendants for alternative relief — one defendant cannot plead defense available only to other defendant — part of answer stricken out under Rules of Civil Practice, rule 103.

In an action against several defendants in which the plaintiff seeks alternative relief depending upon which defendant breached the contract, the answer of a defendant which pleads a defense available only to his codefendants, is insufficient, and that part of the answer will be stricken out under rule 103 of the Rules of Civil Practice.

MOTION by the plaintiff under rule 103 of the Rules of Civil Practice to strike out parts of answer of defendant Sperry.

*Sutherland & Dwyer*, for the plaintiff.

*Van Alstyne & Toan*, for the defendants.

RODENBECK, J. The answer of the defendant Sperry should be confined to his own defenses and should not be incumbered with allegations that apply, if at all, to the answer of his codefendants.

The allegations under the "first affirmative defense" relate to a transaction with the Hardimans, and not with Sperry, prior to the contract in question, and are no part of Sperry's defense and should be stricken out. The "second, separate and further defense" is no part of Sperry's defense and relates to some oral agreement with the Hardimans and should be stricken out. The "sixteenth" and "seventeenth" paragraphs of the "third, separate and further defense" should be reformed to meet the matter heretofore stricken out. The "twenty-fourth" paragraph should be stricken out as immaterial to the "fourth affirmative defense and for a counterclaim."

The courts are not inclined to strike out harmless matter in an answer, but at the same time it is distinctly in the interest of economy of time and exact pleading to require a party to restrict his answer to his own defenses and not to permit him to volunteer

defenses for a codefendant. The liability of the defendants in this action is not a joint one but an alternative one, depending upon which set of defendants breached the contract, and the defendants are opposed to each other.

Motion granted, as indicated above, with ten dollars costs of motion to abide the event, with leave to serve an amended and reformed answer within twenty days from the service of an order in accordance herewith.